# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.  SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT

1877 CV - 1004A

LUCY CORREA,
    Plaintiff,

vs.  Civil Action No.

GENERAL ELECTRIC COMPANY.,
    Defendant.

FILED
ESSEX SUPERIOR COURT
2018 JUL -5 P 1:02

## COMPLAINT AND JURY DEMAND

### I. PARTIES

1. Plaintiff Lucy Correa ("Plaintiff") is an individual who currently resides in Peabody, Massachusetts.

2. Plaintiff is a woman.

3. Defendant General Electric Company ("Defendant") is an employer with a headquarters at 41 Farnsworth St., Boston, MA 02210.

4. At all times relevant hereto, Plaintiff was an employee of Defendant at Defendant's Lynn location, 1000 Western Ave, Lynn, MA 01905.

### II. STATEMENT OF FACTS

5. In November 2011, Plaintiff was hired by Defendant as a Materials Handler.

6. In June 2013, Plaintiff was subjected to sexual harassment and assault by a supervisory employee of Defendant.

1

7. Plaintiff complained about the sexual harassment and assault and participated in Defendant's investigation into the sexual harassment and assault.

8. In connection with the sexual harassment and assault Plaintiff endured, Plaintiff suffered from post-traumatic stress disorder ("PSTD"), anxiety, depression, and compromised immune system.

9. Plaintiff's PTSD, anxiety, depression, and compromised immune system constituted a disability and Defendant was aware of Plaintiff's disability.

10. In connection with the sexual harassment and assault she endured, and the disability she subsequently developed, Plaintiff took a leave of absence from June 2013 to November 2013.

11. When Plaintiff returned to work in November 2013, she was returned to the same work area, and with the same supervisor, that she been in when sexually harassed and assaulted.

12. Upon Plaintiff's return, Plaintiff learned that as a result of her complaint and participation in Defendant's investigation into sexual harassment and assault, she had been stigmatized as someone who complained. Plaintiff further learned that her supervisor, who had a close relationship with the employee Plaintiff complained about, was upset with her for participating in the sexual harassment and assault investigation.

13. Upon information and belief, after returning to work Plaintiff was subjected to scrutiny beyond that to which her co-workers were subjected.

14. Although Plaintiff complained to Defendant about the treatment she endured upon her return to work, no steps were taken to address her concerns.

15. In January 2016, Plaintiff developed an illness that was exacerbated by her disability.

16. As a result of the illness that developed in January 2016, and over the course of six months, Plaintiff utilized approximately four days of intermittent leave taken pursuant to the Family and Medical Leave Act ("FMLA").

17. In May 2016, Plaintiff e-mailed her supervisor complaining about the "work place harassment" to which she was subjected and Defendant's failure to address her earlier complaints.

18. In June 2016, Defendant began targeting Plaintiff based on her use of intermittent leave and her disability.

19. From late-June 2016 through early-December 2016, Plaintiff was out of work on continuous FMLA leave.

20. When Plaintiff returned from her FMLA leave, Defendant continued targeting Plaintiff and subjecting her to different standards than her co-workers who were male, who did not have a disability, who had not participated in a sexual harassment investigation, and who had not complained about harassment in the workplace.

21. Defendant's disparate treatment of Plaintiff included disciplining her for alleged attendance violations for which Plaintiff's colleagues did not receive similar discipline.

22. On April 14, 2017, Defendant terminated Plaintiff's employment.

23. Upon information and belief, the justifications Defendant provided for terminating Plaintiff were pre-textual.

24. Upon information and belief, Defendant terminated Plaintiff's employment because of her disability, the leave she took in connection with her disability, her gender, her complaint of sexual harassment and participation in the sexual harassment investigation, and her ongoing complaints of harassment.

25. Plaintiff timely filed a complaint with her claims at the Massachusetts Commission Against Discrimination.

### III. STATEMENT OF CLAIMS

### COUNT I
### Gender Discrimination in Violation of Massachusetts General Law Chapter 151B, Section 4

26. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

27. Defendant targeted Plaintiff for termination based on her gender.

28. Defendant treated Plaintiff differently than similarly situated male co-workers.

29. Defendant's termination of Plaintiff was discriminatory and based on her gender.

30. Based on the Defendant's discrimination in violation of M.G.L. c. 151B, Plaintiff lost wages and benefits, and suffered emotional harm, for which she seeks recovery.

### COUNT II
### Disability Discrimination in Violation of Massachusetts General Law Chapter 151B, Section 4

31. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

32. Plaintiff reported to Defendant that she had a disability.

33. Defendant perceived Plaintiff to have a disability.

34. Defendant's termination of Plaintiff was discriminatory and based on her disability or perceived disability.

35. Based on the Defendant's discrimination in violation of M.G.L. c. 151B, Plaintiff lost wages and benefits, and suffered emotional harm, for which she seeks recovery.

## COUNT III
### Retaliation in Violation of Massachusetts General Law Chapter 151B, Section 4

36. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

37. During Plaintiff's employment, Plaintiff engaged in protected conduct by complaining of sexual harassment and participating in a sexual harassment investigation, and complaining about harassment in the workplace.

38. Based on Plaintiff's protected conduct, Defendant retaliated against Plaintiff by firing her.

39. Based on the Defendant's retaliation against Plaintiff, Plaintiff lost wages and benefits, and suffered emotional harm, for which she seeks recovery.

## COUNT IV
### Retaliation in Violation of the Family Medical Leave Act
### 29 USC § 2615; 29 CFR 825.220

40. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

41. During Plaintiff's employment, Plaintiff took leave pursuant to the FMLA.

42. Based on Plaintiff's leave, Defendant retaliated against Plaintiff by firing her.

43. Based on the Defendant's retaliation against Plaintiff, Plaintiff lost wages and benefits, and suffered emotional harm, for which she seeks recovery.

5

## IV. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff hereby requests that this Honorable Court award the following relief:

1. Judgment against Defendant;
2. Compensatory damages, including back pay, front pay, and lost benefits;
3. Emotional distress damages;
4. Punitive damages;
5. Costs of this action;
6. Reasonable attorney's fees;
7. Pre-judgment and post judgment interest; and
8. Such relief as this Court deems just and fair.

## VI. JURY DEMAND

The Plaintiff, Lucy Correa, hereby demands a TRIAL BY JURY as to all counts of her complaint.

Respectfully submitted,

LUCY CORREA,

By her attorney,

Michael Ackerstein (BBO #687764)
ACKERSTEIN LAW
1309 Beacon St., Suite 300
Brookline, MA 02446
617-603-0076
Michael@ackersteinlaw.com

Dated: July 2, 2018

(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved. - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION
No 1877CV-1004A

LCCY CORREA ............................., Plaintiff(s)

v

GENERAL ELECTRIC COMPANY ............................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon MICHAEL ACKERSTEIN, plaintiff's attorney, whose address is ACKERSTEIN LAW, 1309 BEACON ST., SUITE 300, BROOKLINE MA 02446, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 56 FEDERAL ST. SALEM, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                   , in the year of our Lord two thousand

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant

## PROOF OF SERVICE OF PROCESS

accepted

I hereby certify and return that on _____, 20 __, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ P. (d) (1-5):

_____

_____

_____

Dated. _____, 20 __.

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
ESSEX, SS
SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

Defendant(s)

SUMMONS
(Mass R. Civ P 4)